UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

ANTHONY ORTIZ,

              Defendant.

---

No. 98-CR-1099 (LAP)

No. 16-CV-4656 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Anthony Ortiz's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (See dkt. nos. 1, 7 in 16-CV-4656; see also dkt. no. 65 in 98-CR-1099.)  The Government opposed the motion, (see dkt. no. 8 in 16-CV-4656), and Mr. Ortiz replied, (see dkt. no. 9 in 16-CV-4656).  For the reasons below, Mr. Ortiz's motion is DENIED.

## I. Facts

    The Court assumes the parties' familiarity with the facts of the case, and it will summarize only the facts relevant to the instant motion here.[1]

    On March 1, 1999, a jury convicted Mr. Ortiz of one count of distributing and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C), and 18 U.S.C. § 2.  In his Presentence

---

[1] Unless otherwise specified, the facts are drawn from the parties' submissions and are undisputed.

Investigation Report, the Probation Office found Mr. Ortiz to be a "career offender" under U.S.S.G. § 4B1.1 because he had prior New York felony convictions for (1) robbery in the first degree, (2) criminal sale of narcotics, and (3) attempted robbery in the third degree.

As a result, the Guidelines prescribed a range of 262-327 months based on a total offense level of 34 and a criminal history category of VI.  Judge Michael B. Mukasey sentenced Mr. Ortiz to 262 months imprisonment pursuant to the mandatory Guidelines.[2]  Mr. Ortiz's conviction and sentenced were affirmed by the Court of Appeals, and the Supreme Court denied certiorari.

In November 2001, Mr. Ortiz filed a pro se § 2255 petition asserting a variety of claims (but not the claim he now raises). On October 30, 2002, Judge Mukasey denied the petition, and the Court of Appeals subsequently dismissed Mr. Ortiz's motion for lack of a certificate of appealability.

On June 17, 2016, Mr. Ortiz filed a placeholder § 2255 petition in this Court, asserting a claim based on Johnson v. United States, 576 U.S. 591 (2015).  Mr. Ortiz also sought leave from the Court of Appeals to file a successive § 2255 petition.

---

[2] The Guidelines were later rendered advisory following the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 245 (2005).

The Court of Appeals granted Mr. Ortiz such leave on August 24, 2016.  Thereafter, through counsel, Mr. Ortiz supplemented his petition, which the Government opposed.

## II. Legal Standards

### a. 28 U.S.C. § 2255

28 U.S.C. § 2255 permits a federal prisoner to challenge his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  However, § 2255 guarantees only one bite at the habeas apple: a petitioner may only make "[a] second or successive motion" if it is "certified . . . by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[3]  Moreover, a one-year limitations period applies to § 2255 motions, which runs from "the latest of," inter alia, (1) "the date on which the judgment of conviction becomes final" or (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

---

[3] 28 U.S.C. § 2255(h)(2).  "New" rules can be divided into two categories: (1) substantive rules and (2) procedural rules.  New substantive rules "apply retroactively on federal collateral review," but "new procedural rules"--even "watershed" ones--"do not."  Edwards v. Vannoy, 141 S. Ct. 1547, 1562 (2021).  "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."  Welch v. United States, 136 S. Ct. 1257, 1264-65 (2016).

3

. . . and made retroactively applicable to cases on collateral review." Id. § 2255(f)(3).

### b. **The Career Offender Guidelines**

The Guidelines provide that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).  At the time of Mr. Ortiz's sentencing, "crime of violence" was defined as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2016).  Subsection (1) was commonly termed the "force clause" or the "elements clause," whereas subsection (2) was colloquially named the "residual clause."

In 2015, the Supreme Court decided Johnson, 576 U.S. at 593, which considered the Armed Career Criminal Act's ("ACCA") definition of "violent felony."  ACCA contained three clauses defining "violent felony," including, most relevantly, a

4

"residual" clause, which encompassed any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court ultimately held that ACCA's residual clause was unconstitutionally vague and, therefore, "that imposing an increased sentence" based on that clause "violate[d] the Constitution's guarantee of due process." Johnson, 576 U.S. at 606. Following that decision, the Sentencing Commission amended U.S.S.G. § 4B1.2(a) to remove its residual clause, which had mirrored ACCA's. See U.S.S.G. App. C, amend. 798 (Aug. 1, 2016).

### III. Discussion

The Court first considers whether Mr. Ortiz is eligible for relief under 28 U.S.C. § 2255 before considering the merits of his petition.

#### a. Timeliness

Mr. Ortiz filed his § 2255 petition on June 17, 2016, less than one year after the Supreme Court decided Johnson. (See dkt. no. 1 in 16-CV-4656.) On August 24, 2016, the Court of Appeals granted Mr. Ortiz's motion for leave to file a successive § 2255 petition premised on Johnson. (See dkt. no. 6 in 16-CV-4656.) And the Supreme Court has since held that Johnson announced a new substantive rule of constitutional law that is retroactively applicable to "cases on collateral

review." Welch, 136 S. Ct. at 1265.  Notwithstanding those facts, however, Mr. Ortiz's motion is untimely.

As explained above, Johnson, 576 U.S. at 606, found ACCA's residual clause to be unconstitutionally vague.  But, as the Court of Appeals has explained, Johnson "did not recognize a constitutional right not to be sentenced under the residual clause of the pre-Booker Career Offender Guideline."  Nunez v. United States, 954 F.3d 465, 471 (2d Cir.), cert. denied, 141 S. Ct. 941 (2020).  In other words, no Supreme Court "decision newly announced and now made retroactive excuses [Mr. Ortiz] from meeting the one-year time limitation set out in 28 U.S.C. § 2255(f)."  Collier v. United States, 989 F.3d 212, 215 (2d Cir. 2021).  "[A]s a result," Mr. Ortiz's petition--which was "filed within a year of Johnson" but some fifteen-plus years after his conviction became final[4]--"is not timely under § 2255(f)(3)."  Bryant v. United States, 811 F. App'x 712, 713 (2d Cir.) (summary order), cert. denied, 141 S. Ct. 606 (2020).

### b. The Merits

Even if Mr. Ortiz's motion was timely, his petition would still fail.  Mr. Ortiz asserts that his sentence was "unlawful following Johnson" because his "sentencing range was increased

---

[4] Mr. Ortiz's direct appeal was rejected on June 14, 2000, see United States v. Ortiz, 2000 WL 779764, at *2 (2d Cir. June 14, 2000), and the Supreme Court denied certiorari on October 16, 2000, see Ortiz v. United States, 531 U.S. 952 (2000).

6

based on an unconstitutionally vague Guideline provision." (Dkt. no. 7 at 3.)  Specifically, Mr. Ortiz argues that (1) Johnson established that the residual clause of the Career Offender Guideline's definition of "crime of violence" was unconstitutionally vague, (see id. at 8-9), and (2) his sentence cannot stand because his convictions for robbery in the first degree and attempted robbery in the third degree qualified as crimes of violence only under the now-infirm residual clause, (see id. at 16-17).  The Court need not resolve whether Mr. Ortiz's sentence is unlawful based on Johnson, however, because both of Mr. Ortiz's prior robbery convictions are crimes of violence under U.S.S.G. § 4B1.2(a)'s force clause.

> Under New York law, robbery is defined as follows:
>
> A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
>
> 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

N.Y. PENAL LAW § 160.00.  Considering that text, the Court of Appeals has held "that New York robbery in the third degree"--an indisputably less serious offense than robbery in the first degree--"is categorically a crime of violence under the force

7

clause of U.S.S.G. § 4B1.2(a)(1)." United States v. Moore, 916 F.3d 231, 240 (2d Cir. 2019). The fact that Mr. Ortiz's "conviction is for attempted robbery" in the third degree, "rather than completed robbery," does not counsel a different result here.[5] Moreover, New York's "definition of robbery--forcible stealing--is common to all degrees of robbery." Pereira-Gomez, 903 F.3d at 166. It follows, therefore, that Moore applies with greater force to Mr. Ortiz's conviction for robbery in the first degree, which requires proof of an additional element involving serious physical injury or a weapon. See N.Y. PENAL LAW § 160.15.

In other words, Mr. Ortiz's robbery convictions are crimes of violence without any reference to U.S.S.G. § 4B1.2(a)(2). In that sense, Mr. Ortiz would still have been subject to the Career Offender Guideline even if Johnson rendered U.S.S.G. § 4B1.2(a)'s residual clause unconstitutionally vague. Because both of Mr. Ortiz's robbery convictions constitute crimes of

---

[5] United States v. Johnson, 763 F. App'x 113, 116 (2d Cir. 2019) (summary order) (holding that attempted second degree robbery under New York law constituted a crime of violence under U.S.S.G. § 4B1.2(a)(1)); see also United States v. Pereira-Gomez, 903 F.3d 155, 166 (2d Cir. 2018) (holding that attempted robbery qualified as a crime of violence under the "force clause" of application note 1(B)(iii) to Section 2L1.2 of the 2014 Guidelines because, "[r]egarding attempt," the New York Court of Appeals "requires that the action taken by an accused be so near to its accomplishment that in all reasonable probability the crime itself would have been committed, but for timely interference" (quotation marks omitted)).

8

violence under U.S.S.G. § 4B1.2(a)(1), he is not entitled to the relief that he seeks.

## IV. Conclusion

For the foregoing reasons, Mr. Ortiz's § 2255 motion [dkt. no. 1 in 16-CV-4656; dkt. no. 65 in 98-CR-1099] is DENIED.  The Clerk of the Court shall (1) mark action 16-CV-4656 closed and all pending motions denied as moot and (2) close the open motion in 98-CR-1099.

**SO ORDERED.**

Dated:     September 24, 2021
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge